KING, P.J.,
for the Court:
¶ 1. This dispute arises from the institution of an Internal Revenue Service tax lien against the wages of Evelyn Moffett, who was employed by the Jones County Junior College. The Moffetts sought damages from the College for honoring the tax lien, and from Sullivan for allegedly providing the College with legal advice on this issue. The Moffetts theorized that their *293 state constitutional and statutory due process rights were violated by the College in the honoring of this lien.
DISCUSSION
¶2. Pursuant to 26 U.S.C. § 6332, any person or entity in possession of property which is the subject of an I.R.S. lien, must surrender that property to the I.R.S. The statute provides immunity to any third party for compliance with this statute.[1]
¶3. To the extent the College complied with the I.R.S. levy, it is immune from liability pursuant to 26 U.S.C. § 6332(e). Likewise, to the extent Sullivan may have given the College legal advice as to its obligation to comply with the lien he too enjoys immunity.
¶ 4. Accordingly, this Court finds no error in the grant of summary judgment.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.

. Title 26 U.S.C. Section 6332(e) provides: "Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made, who upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.”